UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NORTH STAR MUTUAL INSURANCE COMPANY, AS SUBROGEE FOR KYLAN MEIER,<br><br>  Plaintiff,<br><br>vs.<br><br>CNH AMERICA LLC, a Delaware limited liability company,<br><br>  Defendant. | CIV. 11-4133-KES<br><br>ORDER RULING ON PLAINTIFF'S MOTIONS IN LIMINE |

Plaintiff, North Star Mutual Insurance Company, moves in limine to preclude defendant, CNH America LLC, from entering any evidence, argument, discussion or testimony concerning certain evidence. Each motion will be discussed separately.

### 1. Evidence of a settlement between North Star and Titan Machinery.

North Star moves, pursuant to Federal Rule of Evidence 408, to exclude any reference by CNH to a settlement between North Star and Titan Machinery. CNH responds that evidence of a settlement should be admissible as impeachment for bias if North Star calls a witness employed by CNH.

Rule 408 states that evidence of a settlement is not admissible on behalf of any party to prove or disprove the validity or amount of a disputed claim, or to impeach with a prior inconsistent statement. Fed. R. Evid. 408(a). *See, e.g., First Premier Bank v. Kolcraft Enter., Inc.*, 686 N.W.2d 430, 443 (S.D. 2004) (settlement not admissible to show that because there had been a previous

claim against another tortfeasor, plaintiff's claim against Kolcraft was invalid). Such evidence is admissible, however, for some limited purposes. Fed. R. Evid. 408(b). As a result, the court finds that evidence of the settlement is not admissible in CNH's case-in-chief to show the validity or amount of the claim against North Star.

CNH also seeks to use the evidence of a settlement with Titan to impeach any witnesses from Titan based on potential bias. Rule 408(b) specifically provides for an exception allowing the admission of settlement evidence to prove a witness's bias or prejudice. Therefore, if North Star calls an employee of Titan as a witness, the court finds that the settlement evidence is admissible to show bias.

Rule 408 is limited to evidence of a settlement only, however. North Star seeks to use Rule 408 to preclude the issue of Titan's liability entirely. Not only would that far exceed the scope of Rule 408, but it would make it virtually impossible for CNH to present its defense and would undermine the system of distribution of fault for joint tortfeasors enacted by the South Dakota legislature. *See* SDCL 15-8-15; *see also Duncan v. Pennington County Housing Authority*, 283 N.W.2d 546, 550-51 (S.D. 1979).

"Although it may be appropriate to inform the jury that the plaintiff has settled with other defendants, to explain their absence from proceedings against the remaining defendant, the details of any settlement with the other defendants is not ordinarily admissible, and the jury should ordinarily be

cautioned that they should not consider the settlement with other defendants in considering the claim against a remaining defendant." *Pioneer Hi-Bred Intern., Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003). In this case, although there may be some value to explaining the circumstances leading to Titan's absence to the jury, the court will not do so without the consent of both parties.

In conclusion, the court grants North Star's motion in limine to preclude reference to a settlement between North Star and Titan, but that ruling is limited to the settlement itself, and it does not preclude CNH from contesting Titan's degree of liability. Additionally, if North Star calls any witnesses who are employed by Titan, evidence of the settlement is admissible to establish bias.

**2. Information relating to the history of fires, or a lack of fires, in Case IH combines.**

North Star moves to prohibit CNH from introducing testimony regarding previous combine fires, or a lack of combine fires, based on Federal Rule of Civil Procedure 37(c), which provides that a party failing to provide information required under Rule 26(a) or (e) may be prevented from introducing that evidence at trial. CNH responds that it does not plan to introduce any evidence of other combine fires, but CNH reserves the right to present evidence about the lack of fires and about fire risks in general.

North Star argues that it requested production of all documents relating to relevant combine fires, that CNH replied that it would look for any such

documents, and that CNH never produced any documents or supplemented its response in any way. Docket 72 at 6-7; Docket 95 at 5-6. CNH responded that it did not produce any documents because it did not have any. Docket 75 at 6. The fact that CNH did not provide information relating to previous fires would be reason to preclude CNH from introducing evidence of those fires at trial. Not only does CNH state that it will not do so, it states that it cannot do so because no such documents or incidents exist. Because CNH does not object to the motion in limine, North Star's motion in limine is granted. CNH may not introduce evidence related to specific combine fires not disclosed during discovery, but CNH may discuss the lack of combine fires and fire risks generally.

    **3.    Evidence relating to Al Meier's combine.**

Plaintiff has withdrawn this motion in limine. Docket 95 at 6.

    **4.    Evidence on whether Kylan Meier would have heard a broken blade hitting and puncturing the floor pan of the combine.**

North Star seeks to prohibit testimony from one of CNH's experts on whether it would have been possible for Kylan Meier to hear a broken chopper blade hit and puncture the combine's floor pan. North Star contends such testimony is irrelevant, speculative, not based on scientific methods, and will not assist the trier of fact.

Rule 702 requires that an expert witness be qualified based on knowledge, skill, experience, training, or education. Fed. R. Evid. 702. An expert's scientific, technical, or other specialized knowledge must help the trier

of fact understand evidence or determine a fact in issue, it must be based on sufficient facts or data, it must be the product of reliable principles and methods, and the expert must reliably apply those principles and methods to the facts of the case. Fed. R. Evid. 702(a)-(d). These factors are not exclusive, and each need not be considered in every case. *Shuck v. CNH America, LLC*, 498 F.3d 868, 874 (8th Cir. 2007). "[O]bservations coupled with expertise generally may form the bases of an admissible expert opinion." *Id.* at 875 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). CNH's experts have experience regarding combine operation, which could help a jury decide whether Kylan Meier should have been aware something was wrong with his combine. The opinion that Kylan could have heard the blade puncture the floor pan is based on observation and experience. North Star may attack the credibility of the expert opinions on cross-examination. Accordingly, North Star's motion in limine is denied.

## 5. Evidence that Titan repaired the combine's blades prior to the fire.

North Star seeks to preclude any reference to Titan's repair work on the blades of Kylan Meier's combine based on Rule 403 and its position that Titan's liability should not be an issue during this trial. Although evidence of a settlement generally is not admissible under Rule 408, Titan's liability is an issue in this case. Evidence relating to the repair work performed by Titan is

probative evidence and does not create a risk of undue prejudice to North Star or confusion. Accordingly, North Star's motion in limine is denied.

### 6. References to Kylan Meier's Facebook page.

In its supplemental motions in limine, Docket 82, North Star requests that CNH be prohibited from discussing Kylan Meier's Facebook page. CNH does not oppose this request so long as it applies to both sides. Therefore, the court grants North Star's motion in limine, and it will apply to both sides.

### 7. Testimony regarding the video of the fire taken by Kylan Meier on his cell phone.

In its supplemental motions in limine, Docket 82, North Star also seeks to preclude any reference to the video of the fire Kylan Meier took on his cell phone. North Star takes the position that the video is irrelevant because it no longer exists. A video of the fire is relevant to issues in this case. *See* Fed. R. Evid. 401. The fact that the video no longer exists does not impact its relevance. The original video is not required. *See* Fed. R. Evid. 1004. Although the video cannot itself be introduced, a witness with proper foundation may discuss the video. The court lacks sufficient information to decide whether an adverse inference instruction is appropriate at this time. North Star's motion in limine is denied.

Dated March 6, 2014.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE