UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTH STAR MUTUAL INSURANCE COMPANY, AS SUBROGEE FOR KYLAN MEIER, | ) ) ) ) | CIV. 11-4133-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER RULING ON DEFENDANT'S MOTIONS IN LIMINE |
| CNH AMERICA LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | |

Defendant, CNH America LLC, moves in limine to preclude plaintiff, North Star Mutual Insurance Company, from entering any evidence, argument, discussion, or testimony concerning certain evidence. Each motion will be discussed and addressed separately.

    **1.**    **Other incidents, accidents, and fires that did not occur under substantially similar circumstances and did not involve substantially similar CASE equipment as the CASE IH AF9120 combine that is the subject of plaintiff's complaint.**

CNH contends that North Star should limit its evidence to other incidents involving substantially similar combine models, which include the Case IH AF7120, AF8120, or AF9120, and incidents involving facts similar to those at issue—where a broken chopper blade punctured the floor pan of the engine compartment allegedly allowing excess debris to enter the engine compartment and resulting in a fire. North Star contends that the incidents

must simply arise from the same cause, namely a showing that there was a risk of fire from a debris-generating product and that the fire loss occurred under sufficiently similar circumstances.

"A party may offer evidence of prior accidents to show notice, causation, feasibility of correction, or magnitude of danger *if* a showing of substantial similarity is made." *Ahlberg v. Chrysler Corp.,* 481 F.3d 630, 637 (8th Cir. 2007). "For other accident evidence to be admissible, the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar." *Drabik v. Stanley-Bostitch, Inc.,* 997 F.2d 496, 508 (8th Cir. 1993).

Here, North Star has not identified for the court's review the incidents it intends to offer. Without this showing, the court is unable to determine if the incidents are substantially similar to the case at bar. Based on CNH's concession, the court finds that incidents involving combine models Case IH AF7120, AF8120, or AF9120, where a broken chopper blade punctured the floor pan of the engine compartment allegedly allowing excess debris to enter the engine compartment and resulting in a fire are substantially similar and are admissible. With regard to all other evidence of incidents, accidents, and fires on combines, the motion in limine is granted. If North Star has evidence of other fires caused by debris in other models of combines where it believes the circumstances of the fire were substantially similar to the fire at bar, North

Star needs to request a hearing outside of the presence of the jury and present the evidence so the court can determine whether North Star is able to show substantial similarity before the evidence is offered or mentioned in the presence of the jury.

>    **2.   Post-sale changes to design that resulted from Product Improvement Program Bulletin H2510**.

Kylan Meier purchased his Case combine on June 30, 2010. The combine caught fire on October 8, 2010. In May 2011, CNH issued a Product Improvement Bulletin making various changes to various combine models. CNH contends that the Bulletin is not admissible because it is not relevant, would unduly prejudice CNH, would confuse the issues and mislead the jury, and is a subsequent remedial measure that is not admissible under Fed. R. Evid. 407. North Star contends that the evidence is relevant to demonstrate CNH's knowledge of the risk of fire in their products and feasibility of the precautionary measure.

Rule 407 precludes evidence of subsequent remedial measures if they are offered to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction, but the evidence may be admissible "for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Here, North Star argues that the evidence may be admissible to show that CNH had knowledge there was a high risk of fire in their products or feasibility. CNH

states that it does not dispute that there is an inherent risk of fire in all combines due to their intended use and does not dispute feasibility.

Because the Bulletin is evidence of a subsequent remedial measure that falls under Rule 407, the court grants CNH's motion in limine. If CNH puts on evidence that North Star believes opens the door by asserting lack of feasibility or disputes the risk of fire in their products, North Star should request a hearing outside the presence of the jury and ask the court to reconsider this ruling.

> **3    Design features of products that are not substantially similar to the subject CASE IH AF9120.**

North Star's expert, Jeffrey Wingfield, uses examples of designs using aluminum fuel tanks or other metal fuel tanks on John Deere combines or other non-combine agricultural/industrial equipment as evidence that CNH could have designed the subject combine in an alternative manner to lessen the risk of fire. Wingfield also opines that other manufacturers have wrapped their exhaust systems with exhaust blankets; used deflectors, covers, and guards to prevent debris from contacting the hot surfaces of the exhaust system; and used non-plastic fuel tanks to diminish the risk of igniting a fire. CNH contends that evidence relating to other products is not relevant and is not admissible unless the products are substantially similar to the combine at issue.

On its strict liability (design/manufacture) claim, North Star has the burden to show that the combine was in a defective condition which made it unreasonably dangerous to the purchaser. *Burley v. Kytec Innovative Sports Equip., Inc.,* 737 N.W.2d 397, 408-09 (S.D. 2007). A plaintiff can show that "[a] product is in a defective condition unreasonably dangerous to the user if it could have been designed to prevent a foreseeable harm without significantly hindering its function or increasing its price." *First Premier Bank v. Kolcraft Enter., Inc.,* 686 N.W.2d 430, 444-45 (S.D. 2004). As a result, the court finds that evidence that other agricultural/industrial manufacturers have designed gas tanks using aluminum or other types of metal, or used exhaust blankets, deflectors, covers, or guards to reduce the risk of fire, is relevant to show that alternative design options were feasible to prevent a foreseeable harm.

CNH contends that even if the evidence is relevant, it is not admissible because the other products are not substantially similar to the combine at issue. The cases relied on by CNH, however, involve the introduction of evidence of other incidents, accidents, recalls, or personal injury lawsuit settlements. In those instances, the court needed to consider unfair prejudice to the non-offering party when it conducted its 403 balancing test. In the present case, the evidence offered by North Star's expert is a description of alternative designs used on various pieces of equipment. There is no unfair prejudice to CNH and if there is any unfair prejudice it is minimal, and it is

5

outweighed by the probative value of the evidence. Any objections of CNH go to the weight to be given to the evidence and not its admissibility. This motion in limine is denied.

### 4. Prohibit Wingfield from testifying about opinions that were not disclosed in his expert reports.

Wingfield's expert report did not contain the opinion that the fuel tank was defective because it was not shielded. This opinion was disclosed in his deposition. Because North Star did not supplement Wingfield's written opinion pursuant to Fed. R. Evid. 26(e)(2), CNH contends Wingfield should be prohibited from stating this opinion during trial.

The comments to Rule 26 state:

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some way incomplete or incorrect. *There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.*

Fed. R. Civ. P. 26 (emphasis added). After reviewing Wingfield's written opinion, the court finds that he did not change his opinion—he merely supplemented his opinion. Because the substance of his opinion was disclosed to CNH well before trial and CNH has not shown any prejudice, the court finds that Rule 26 has been complied with and CNH's motion in limine is denied.

### 5. Statements made by Robert Hawken at the inspection.

6

During the inspection of the combine in November of 2010, CNH's expert witness, Robert Hawken, allegedly made a statement that was heard by Wingfield and Glenn Johnson, the expert witness for the settling defendant Titan Machinery, Inc. North Star intends to offer the statement through Wingfield and Johnson. Hawken allegedly stated during the inspection that the air pressure differential between the chopper house and the engine compartment would cause debris to enter the engine compartment through the punctured floor pans.  CNH contends that the statement is hearsay, not reliable, and not admissible under Rule 403.

North Star contends that the statement is admissible under Fed. R. Evid. 801(d)(2) as an admission by a party opponent. The court agrees. Hawken is listed as a witness for CNH on its witness list. He was designated as CNH's expert and attended the inspection of the combine in the capacity of CNH's expert. Under Rule 801(d)(2))C), statements offered against an opposing party are not hearsay if the statement "was made by a person whom the party authorized to make a statement on the subject[.]" Hawken was retained by CNH to give an opinion regarding whether the combine has a design defect. CNH's retention and listing of Hawken as its expert witness is evidence that CNH authorized Hawken to make a statement on the subject on its behalf. CNH cannot pick and choose which statements of Hawken are admissible.

The admissibility of the opposing party's expert's out-of-court statements has been recognized by several courts. *See, e.g., H.S. Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th Cir. 1980); *Long v. Fairbank Farms, Inc.*, 2011 WL 2516378 (D. Me. May 31, 2011); *Kreppel v. Guttman Breast Diagnostic Inst.*, 1999 WL 1243891 (S.D.N.Y. Dec. 21, 1999).

CNH contends that the statements were never adopted by CNH and therefore are not admissible. The requirement for adoption, however, only applies to statements admitted under Rule 801(d)(2)(B). Because the court finds the statements are admissible under subsection (C), the requirement for adoption does not apply.

CNH also contends that the testimony of Johnson and Wingfield is unreliable. Having reviewed the materials provided by the parties, the court cannot reach this same conclusion based on the record. That is a determination more properly left to the jury after an examination under oath by both parties. The alleged unreliability of the statement is not sufficient unfair prejudice to CNH to outweigh the probative value. As a result, the motion is limine is denied.

### 6. Post-fire design changes to the combine.

CNH contends that North Star may also offer evidence of other post-fire design changes in addition to the Bulletin, which was discussed in #2 above. North Star states that such evidence may be admissible for impeachment

purposes or to show feasibility of alternative designs or other permitted purposes under Rule 407.

North Star has not identified for the court's review any post-fire design changes, other than the Bulletin. Without knowing what the evidence may be, the court is not in a position to determine if the evidence is admissible for some purpose. As a result, the court grants the motion in limine. If North Star believes CNH has opened the door and the evidence is admissible for some purpose, North Star should request a hearing outside of the presence of the jury and the court will reconsider its ruling.

Dated March 6, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE